UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIC A. WELLS, | ) | CASE NO. 1:14 CV 110 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| JOSE CASIANO, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On January 17, 2014, Plaintiff *pro se* Eric A. Wells, an inmate at the Trumbull Correctional Institution, filed this civil rights action against the following Defendants: Jose Casiano, Brian J. Corrigan, Nancy Fuerst, Stacey Jarrell, Bob Reid, Kathleen Dinovo, Aaron Brockler, Edward Fadel, William Mason, Thomas Shaughnessy, and Charles Morgan. Plaintiff was convicted in April 2012 in the Cuyahoga County Court of Common Pleas of aggravated murder with a firearm specification and possession of a weapon under disability. *State v. Wells*, Cuy. Cty. Comm. Pls. Case No. CR-10-536779; see, http://cpdocket.cp.cuyahogacounty.us/CR. He alleges his convictions were the product of a conspiracy among the Defendants, and asserts his statutory and constitutional speedy trial rights were violated.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Plaintiff is essentially challenging the validity of his present confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). A complaint seeking relief for civil rights violations is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id.* at 500. Further, absent allegations that criminal proceedings terminated in Plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Accordingly, this action is dismissed without prejudice under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 5/16/14*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).